**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                            :
DAVID CARROLL,                              :
     Plaintiff                    :
                                            :        Civil Action No. 10-04737
v.                                          :
                                            :               **OPINION**
SETCON INDUSTRIES INC.,                     :
JAMES REED SALES, INC.,                     :
PECKHAM INDUSTRIES, INC.,                   :
THE DOW CHEMICAL COMPANY,  :
and JOHN DOE, a fictitious name,            :
     Defendant                    :
                                            :
_____ :

**WOLFSON, United States District Judge**:

      Presently before the Court is a motion filed by Defendant Dow Chemical Company

("Dow" or "Defendant") to dismiss Plaintiff David Carroll's ("Plaintiff" or "Carroll") Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's Amended Complaint

alleges that Defendants SetCon Industries Inc. ("SetCon"), James Reed Sales, Inc. ("James

Reed"), Peckham Industries, Inc. ("Peckham"), Dow, and fictitious defendants ("John Doe") are

liable for injuries Plaintiff incurred from using a chemical substance ("product") in the course of

his employment.   The Amended Complaint brings the following counts against Dow: Count

Seven, negligence; Count Eight, product liability; and Count Nine, breach of express and implied

warranties.  Plaintiff also brought similar causes of actions against the other Defendants.  For the

reasons set forth below, Dow's motion to dismiss is DENIED.

## I. BACKGROUND

When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in light most favorable to the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  As such the following facts are taken from the Amended Complaint and supporting documents.

On December 1, 2007, Plaintiff, an employee of Mountain Top Landscaping ("Mountain Top"), sustained burn injuries while using a chemical substance ("product") in the course of his employment.  Am. Compl. 2.  On this date the two-year statute of limitations period for personal injuries commenced.  See N.J.S.A. 2A:14-2.

Shortly thereafter, on May 22, 2008, Plaintiff retained counsel, who contacted Mountain Top's workers' compensation carrier for information related to Plaintiff's workers' compensation claim as well as a possible third-party lawsuit.  Certification of Paul J. Bender, Esq. at ¶ 2.  On July 31, 2008, Plaintiff's counsel made a second request to Mountain Top's workers' compensation carrier.  Id. at ¶ 3.  On the same date, Plaintiff filed an Employee's Claim Petition with the New Jersey Division of Workers' Compensation regarding the injury, listing "liquid calcium chloride" (the product in question) as the cause of the injury.  Copy of Employee's Claim Petition, attached to Certification of Jacqueline Charlton, as Exhibit A.

On May 4, 2009, Plaintiff's counsel made a third request to the worker's compensation carrier's counsel, this time seeking the contact information of the manufacturer and distributor of the product.  Bender, Cert. at ¶ 4.  Counsel reiterated this request on August 7, 2009 and on September 17, 2009 and specifically noted the impending statute of limitations deadline to file the complaint.  Id. at ¶¶ 5, 7.  After being granted permission to do so, Plaintiff's counsel

2

contacted Mountain Top directly requesting information as to the identity of the manufacturer and/or distributer of the product.  Id. at ¶ 8.  It was not until November 13, 2009, when Mountain Top's workers' compensation carrier informed Plaintiff's counsel that the product was "manufactured by and/or purchased from" SetCon.  Id. at ¶ 9.

On November 30, 2009, one day before the expiration of the statute of limitations, Plaintiff filed the original Complaint ("Complaint") naming SetCon and John Doe, a fictitious name, as Defendants.  Id. at ¶ 10; Compl. 1; see N.J.S.A. 2A:14-2.  The Complaint's First Count (negligence) identified SetCon as the supplier of the product and alleged that it was negligent in "supplying, producing, distributing and/or warning and/or instructing customers and/or their workers in the safe use and/or handling of the product in question."  Compl. 2.  The Second Count (product liability) claimed that the "product provided by the Defendant" caused Plaintiff's injuries because it failed to contain adequate warnings in accordance with product liability standards.  Id.  The Third Count (breach of express and implies warranties) claimed that SetCon provided and breached an express and/or implied warranty that the product was "manufactured to be fit for safe human contact."  Id. at 3.  The Fourth Count of the Complaint ("as to John Doe") "repeats each and every allegations of the First through Third Counts as if same were set forth herein at length" and described the John Doe defendant as representative of "corporations, partnerships, and any and all other individuals who/which may have played any role whatsoever in contributing to the injuries and damages more specifically described herein." Compl. 4.  On December 1, 2009, the day after the Complaint was filed and two years after the date of the injury, the statute of limitations period expired.  See N.J.S.A. 2A:14-2.

On May 27, 2010, almost six months after the statute of limitations expired, SetCon's counsel sent Plaintiff's counsel documents identifying Dow, as well as the other named

Defendants, as the manufacturer and supplier of the product.  Bender, Cert. at ¶ 16.  Shortly thereafter, on June 25, 2010, Plaintiff filed the Amended Complaint, naming Dow, James Reed, and Peckham in place of the John Doe of the original Complaint.  Id. at ¶ 17; Am. Compl. 1. The Seventh, Eighth, and Ninth Counts of the Amended Complaint inserted Dow as a defendant for each of the first three counts of the original Complaint (negligence, product liability, and breach of warranty).  Defendant now moves to dismiss those counts against it.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."   Phillips, 515 F.3d at 233 (citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Phillips, 515 F.3d at

4

234 (quoting Twombly, 127 S.Ct. at 1965). In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49, 173 L. Ed. 2d 868 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1949. Moreover, in deciding a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of Plaintiffs' claim. Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## III. DISCUSSION

### A. RELATION BACK

Federal Rule of Civil Procedure 15(c) governs whether amendments to a plaintiff's complaint relate back to date of the original complaint for statute of limitations purposes. The Rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back." F.R.C.P. 15(c).

The applicable statute of limitations in this case is N.J.S.A. 2A:14-2, which imposes a two-year period for personal injury tort actions. New Jersey's Fictitious Defendant Rule allows for an amendment to a complaint filed beyond the statutory period to relate back to the original complaint. N.J.R. 4:26-4. This rule provides: "In any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." Id.

Accordingly, the statute of limitations may be tolled if the plaintiff invokes the Fictitious Defendant Rule before the expiration of the statute of limitations. DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 352-54 (3d Cir. 2004).

### B. THE FICTITIOUS DEFENDANT RULE

Plaintiff invoked the Fictitious Defendant Rule within the statutory period by naming a "John Doe" defendant in the original, timely-filed Complaint.  At issue is whether Plaintiff correctly used the fictitious defendant practice pursuant to N.J. Rule 2A:14-2.

The Fictitious Defendant Rule allows a plaintiff to initially name a "fictitious defendant" in place of an actual person or corporation and subsequently amend the complaint to add a newly identified party even after the statute of limitations has expired.  N.J.R. 4:26-4; Viviano v. CBS, Inc., 101 N.J. 538, 546 (1986).  The Rule explicitly requires the plaintiff, when listing a fictitious defendant in a complaint, to add an "appropriate description sufficient for identification" of the unknown party.  N.J.R. 4:26-4; see also DeRienzo, 357 F.3d at 352.  New Jersey case law has also interpreted the Fictitious Defendant Rule to require the plaintiff to exercise due diligence to determine the unknown party's identity before the statute of limitations expires.  See Mears v. Sandoz Pharm., Inc., 300 N.J. Super. 622, 630 (App. Div. 1997); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115-16 (1973); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (2003).   In addition, courts often take into consideration whether allowing the amendment to relate back would prejudice the newly identified and named defendant in defending against the cause of action.  DeRienzo, 357 F.3d at 353-54; Farrell, 62 N.J. at 122.

### 1. SPECIFICITY

Defendant first argues that Plaintiff failed to sufficiently describe the unknown defendant in the original Complaint.  The New Jersey Supreme Court has instructed that the specificity

requirement be interpreted liberally so as to achieve the purposes of individual justice. Farrell, 62 N.J. at 115, 122. Since the beginnings of the practice of fictitious pleading, courts have based interpretations of the Rule's specificity requirement on the Plaintiff's intent at the time of filing the complaint. See Karandontes v. Ferrell, 7 N.J. Misc. 807, 808 (D.Ct. 1929) (holding that whether a description "identifying or tending to identify such defendant" is sufficiently specific should be based on whom the plaintiff intended to be a defendant in the action); see also Jarusewicz v. Johns-Manville Products Corp., 188 N.J. Super. 638, 645 (Law Div. 1983) (finding the liberalized specificity interpretation of Karandontes to still be viable); Farrell, 62 N.J. at 120. The specificity determination lies in whether the description of the fictitious defendants in the original pleading evinces the plaintiff's intention to bring a cause of action against the defendants later identified and named in the amended complaint. Id. Further, courts are not hesitant to look at the original complaint as a whole, including specific pleadings against named defendants, in gauging to whom the plaintiff had intended the fictitious label to refer. Viviano, 101 N.J. at 554; Jarusewicz 188 N.J. Super. at 647. This course of inquiry is in accordance with N.J. Rule 1:4-3, which allows for statements in a complaint to be "adopted by reference in a different part of the same pleading or in another pleading or in any motion." N.J.R. 1:4-3.

In Jarusewicz, an asbestos-related product liability suit, the plaintiff's original complaint named more than 10 specific manufacturers of the allegedly harmful products and materials as well as "John Does" as defendants. 188 N.J. Super. at 641. The plaintiff included the fictitious defendants with the numerous named defendants as those responsible for the plaintiff's injuries and gave no additional specific description that referred solely to the John Does. Indeed, the plaintiff conceded that the complaint was not an "artful" pleading and could have more specifically described the unknown defendants labeled as "John Does" in the initial complaint.

7

Id. at 644-45.   After the applicable statute of limitations expired, the plaintiff identified additional manufacturers and sought to amend the complaint to substitute these parties with the John Doe defendants of the original complaint.

The Jarusewicz court nonetheless found that the complaint satisfied the specificity requirement despite the lack of a detailed description of the "John Doe" defendants.  Id. at 647. The court concluded that, when taken as a whole, the entire compliant clearly showed that the plaintiff intended to bring action against any and all manufacturers and suppliers of the allegedly harmful asbestos-containing products.  Id. at 648.  Further, the court stressed the fact that, in a product liability suit where plaintiff is unaware of the numerous potential parties that may have manufactured or supplied the product in question, "there is no need for an endless designation of fictitious names." Id. 647.

The plaintiff in Viviano described the fictitious defendant as the manufacturer of the machine which allegedly caused her on-the-job injuries.  101 N.J. at 542.  Two years after the expiration of the statute of limitations, the plaintiff sought to substitute the fictitious party for the recently identified manufacturer of a supplemental component to the machine.  Id. at 544-45. Although she did not describe the fictitious defendant as a manufacturer of a *component* of the machine in the original complaint, the court found that the complaint satisfied the specificity requirement.  Id. at 543, 554.   The Viviano court invoked N.J. Rule 4:5-7, which forgoes technical pleading forms in favor of simple pleadings which "shall be liberally construed in the interest of justice," and found that the complaint as a whole evinced the plaintiff's intent for the fictitious defendant to also refer to the manufacturers of the supplemental component.  Id. at 554.

Here, similar to Jarusewicz and Viviano, Plaintiff brought a cause of action related to an allegedly harmful product that could have emanated from numerous manufacturers, suppliers and

distributors.  Analyzing the claims against the fictitious defendants in the context of the entire complaint (see N.J.R. 1:4-3), a reasonable person would glean that Plaintiff initially intended to bring a cause of action against the manufacturer of the product in question.  See Jarusewicz, 188 N.J. Super. at 645.  The Complaint's First through Third Counts—one of which is a product liability claim—charged that the Defendants were liable for providing an unsafe product and/or failing to provide adequate warnings.  Compl. 1-3.  The Fourth Count "repeats each and every allegation" of the previous Counts against John Doe, an unknown party responsible to contributing to Plaintiff's injuries.  The Fourth Count limits the types of contributions of the fictitious defendants to those "specifically described herein": manufacturing and/or supplying the product in question.  Compl. 4.  Thus, a fair reading of the entire Complaint and its amendments compels the conclusion that Plaintiff had intended to bring an action against the unknown manufacturers, distributors and suppliers of the product, one of whom Plaintiff had later come to believe was Defendant Dow.  See Gallemore v. Four M Corp., 1999 WL 33964477, at *10 (N.J. Super. App. Div. 1999).[1]  As evinced from the language of the Fourth Count in the context of the entire Complaint, the descriptions of the Defendants in the first three Counts were intended to also refer to the fictitious John Doe defendant.

Unlike in the two cases upon which Defendant Dow heavily relies in support of its motion to dismiss for failure to satisfy the specificity requirement of the Fictitious Defendant Rule, Plaintiff does not attempt to substitute a party well beyond the scope of a reasonable interpretation of the original complaint's description.  In Rutkowski v. Liberty Mut. Ins. Co., the plaintiff described the fictitious defendants as "the designers of, manufacturer of, seller of,

---

[1]  While this unpublished decision is non-binding, see N.J.R. 1:36-3, the court may rely upon its reasoning as persuasive authority.  Falcon v. American Cyanamid, 221 N.J. Super. 252, 261 n.2 (App. Div. 1987); James Const. Co., Inc. v. Director, Div. of Taxation, 18 N.J. Tax 224, 229 n.1 (1999).

distributor of, repairer of, modifier and/or renovator of, or . . . otherwise responsible for" the machine that caused Plaintiff's injuries.  209 N.J. Super. 140, 142 (App. Div. 1986).  However, in contrast to the present case, the <u>Rutkowski</u> plaintiff sought to substitute the John Doe for insurance companies, claiming they were negligent in inspecting the injurious machinery.  <u>Id.</u> at 142-43.  The court, in denying the amendment, took objection with the plaintiff's attempt to substitute parties that had nothing to do with the design, manufacturing, selling, distributing, repair, modification, renovation, etc. of the machine in question.  <u>Id.</u> at 147.  The court found that it would be unreasonable to conclude that the plaintiff had intended to sue insurance companies or safety inspectors when the original complaint was filed, even in the context of the entire complaint.  <u>Id.</u> at 146 (also finding that the language in the original complaint "would have put no insurer or other safety inspector on notice" of the claim alleged in the complaint).[2]

In <u>Lawrence v. Bauer Pub. & Printing Ltd.</u>, the original complaint in a libel suit described the John Doe fictitious defendant as the "composer and writer" of the published story in question.  78 N.J. 371, 372-73 (1979).  Despite having known that the story was partially the product of an unidentified source, the plaintiff did not describe the John Doe as the source of the story, but limited the description to the "composer and writer."  <u>Id.</u>  After the applicable statutory period, the plaintiff identified the story's source and sought to amend the Complaint to substitute the source for the John Doe.  <u>Id.</u> at 373.  The court found that the original complaint did not show that that the plaintiff intended to sue the source.  <u>Id.</u> at 376.  Rather, a reasonable reading of the complaint evinced that the plaintiff intended to sue only the writer and composer of the story.

---

[2] Defendant Dow appears to argue that <u>Rutkowski</u> requires Plaintiff to couple the John Doe defendant directly with a specific description as the manufacturer and/or supplier of the product in question.  However, as mentioned, the New Jersey Supreme Court in <u>Viviano</u> has instructed that fictitious pleadings can be analyzed in the context of the entire complaint.  <u>See</u> <u>Viviano</u> 101 N.J. at 554.  The description of the fictitious defendant need not directly succeed the naming of "John Doe" as a defendant and can be found elsewhere in the Complaint.

Id; see also Viviano, 101 N.J. at 554-55 (distinguishing its own facts from those of Lawrence in this way).

The Plaintiff in the present case is not attempting to amend the Complaint to substitute the John Doe with a party unreasonably beyond the scope of the description of the fictitious party he did provide.  As noted, it is reasonable to conclude that, when read in the context of the entire Complaint, the description of the fictitious party was intended to encompass the manufacturer or supplier of the product in question.  Plaintiff merely sought to substitute the John Doe of the original Complaint in a product liability suit with the unknown manufacturer and supplier of the product in question, which Plaintiff later had reason to believe was Defendant Dow.  While Plaintiff's description of the John Does could have been more precise or "artful," reading the description in the context of the Complaint as a whole compels this Court to construe the pleading liberally so as conclude that Plaintiff has satisfied the specificity requirement.  See Jarusewicz, 188 N.J. Super. at 644-45.

### 2. DUE DILIGENCE

The next question is whether Plaintiff exercised due diligence in seeking to ascertain the identity of the fictitious defendant within the statutory period.  The Fictitious Defendant Rule allows the amendment of the complaint to relate back to the date of the original filing if the plaintiff could not have determined the identity of the unknown party before the expiration of the statute of limitations, even after undertaking reasonably diligent investigation and research.  Farrell, 62 N.J. 111.  If, on the other hand, the plaintiff should reasonably have determined the unknown party's identity within the statutory period, yet failed to do so, then the Rule does not allow the proposed amendment to the complaint to relate back.  Mears, 300 N.J. Super. at 629; Cardona v. Data Systems Computer Center, 261 N.J. Super. 232, 234-35 (App. Div. 1992).

11

The New Jersey Supreme Court has instructed that this court should broadly interpret the diligence requirement to one of a "good faith" effort by plaintiff to determine the fictitious party's identity.  Farrell, 62 N.J. at 120.  As the Third Circuit Court of Appeals noted in DeRienzo, the Court has not articulated a precise definition of "diligence" in the context of the Fictitious Defendant Rule.  DeRienzo, 357 F.3d at 354; see also O'Keeffe v. Snyder, 83 N.J. 478, 499 (1980) ("The meaning of due diligence will vary with the facts of each case . . . .").  Generally, however, when determining due diligence, courts consider the plaintiff's efforts— such as obtaining publically available information, conducting depositions of relevant parties, interviewing witnesses—which would generally be construed as a calculated attempt to ascertain the identity of the fictitious party.  Baker v. J.J. De Luca Co., Inc, 2008 WL 4648235, at *1-2, *10 (N.J. Super. App. Div. 2008)[3] (instructing the lower court to consider as due diligence the plaintiff's interrogatories to and depositions of the named defendants and other parties in direct attempt to discover the identity of the fictitious party); see also DeRienzo, 357 F.3d at 355-56; Viviano, 101 N.J. at 551, 556 (allowing for the amended complaint to relate back after finding that the plaintiff's counsel's deposing the named defendant constituted a good faith attempt to discover the identity of the fictitious party).

The plaintiff in Viviano named as a fictitious defendant the unknown manufacturer of the machinery which caused her injuries.  101 N.J. at 542.  The plaintiff's counsel in that case undertook a diligent investigation: counsel inspected the machinery, issued interrogatories to the known defendants, and hired an expert to determine the identity of the unknown manufacturer.  Id. at 543.  However, it was not until a deposition that took place two years after the expiration of the statute of limitations that of one of the defendants revealed the name of the unknown

---

[3] See supra note 1.

manufacturer.  Id. at 543-44.  Within one month after this deposition, the plaintiff filed an amended complaint under the Fictitious Defendant Rule.  Id. at 544-45.  The New Jersey Supreme Court, in reversing the Appellate Division, reinstated the amendment, holding that the plaintiff's investigation and directed attempts to ascertain the identity of the unknown manufacturer constituted sufficient due diligence.  Id. at 556.

Similarly, in Baker, an employee of a subcontractor, who suffered on-the-job injuries when contents of a tractor trailer fell on him named as defendants the general contractor as well as fictitious defendants representing the owner of the tractor trailer and the owner of the materials which caused his injuries.  2008 WL 4648235, at *1.[4]  Within the statute of limitations period, the plaintiff's counsel had obtained the complete worker's compensation insurance file and the standard accident report, sent interrogatories to the general contractor defendant, and deposed a representative of the general contractor, all with the explicit intention of ascertaining the identity of the fictitious defendants.  Id. at *2.  It was not until a court-ordered mediation, which took place after the statute of limitations had expired, that the general contractor identified one of the fictitious defendants.  Id.  In finding that the due diligence requirement had been met, the court pointed to all the efforts made by the plaintiff's counsel—obtaining the reports as well as propounding the interrogatories on, and taking the depositions of, the "most logical source of the needed information"—as a sufficient, good faith investigation to ascertain the identity of the fictitious defendants.  Id. at *8.  The Baker court concluded that while the plaintiff's attorney "'could have done more,' he 'did enough'" as was required by the interpretation of the diligence component of the Fictitious Defendants Rule.  Id. at *9, quoting Viviano, 101 N.J. at 556.

---

[4] See supra note 1.

In the present case, within six months of the injury and well before the statute of limitations was to expire, Plaintiff's counsel attempted to obtain information about the product, specifically seeking information about the manufacturer and supplier of the product in question. Well before the expiration of the statute of limitations, Plaintiff's counsel sought out the "most logical source of information" about the product: Plaintiff's employer (Mountain Top) via its workers' compensation carrier. Plaintiff's counsel made repeated requests specifically directed at ascertaining the identity of the manufacturer and supplier of the product. One week before the expiration of the statute of limitations, Mountain Top finally identified SetCon as the manufacturer. Plaintiff thereupon filed the Complaint against SetCon and John Doe in a timely fashion. Through routine inquiries at the beginning stages of discovery within six months of the filing and the expiration of the statute of limitations, SetCon identified Dow and others as the manufacturers and suppliers of the product. Plaintiff then filed the Amended Complaint within one month of receiving this information and within seven months of the expiration of the statute of limitations.[5]

This situation is similar to that of <u>Viviano</u>, where plaintiff ascertained the identity of manufacturer of the component part through a deposition of a named defendant. <u>Viviano</u>, 101 N.J. at 543-44. There, the court allowed the complaint to be amended two years after the statutory period. <u>Id.</u> at 556. In <u>Viviano</u>, the plaintiff's investigation within the statutory period proved partially fruitful as it allowed the plaintiff to identify and name one defendant in the

---

[5] Defendant argues that Plaintiff failed to exercise due diligence in "squander[ing]" approximately 700 nonconsecutive days of the two-year statute of limitations period. Def.'s Reply Br. 3-4. This argument misinterprets reasonable due diligence. Within the statutory, period Plaintiff's counsel made consistent attempts to ascertain the identity of the unknown manufacturer and supplier of the product. Requiring Plaintiff's counsel to spend a set number of days of the statutory period searching for the identity of the unknown defendant, as Defendant Dow suggests, would in fact be unreasonable.

complaint.  It was not until the plaintiff conducted a deposition of this defendant that she ascertained the identity of one of the fictitious defendants.  Similarly, the present Plaintiff's diligent investigation within the statutory period revealed SetCon as one of the manufacturers and suppliers of the product in question.  It was not until Plaintiff's counsel sent standard inquiries to SetCon, which could not have been done before the filing, that Plaintiff ascertained the identity of the other manufacturers and suppliers.

Defendant argues that a simple Internet search would have revealed Dow as the primary manufacturer and supplier of the product in the geographic area of Plaintiff's employer. Defendant concludes that Plaintiff could have thus easily obtained Dow's identity within the statutory period.  While this Internet search would have identified Dow as a *possible* supplier of the product in question to Mountain Top, it is unreasonable to conclude that it would have confirmed that Dow was the supplier.  Even aside from the unlikelihood that the Internet contains wholly accurate information, Plaintiff's bringing a cause of action against any and all the possible manufacturers and suppliers of the calcium chloride product solely based on Internet information would amount to an irresponsible pleading possibly subject to sanction.  See N.J.R. 1:4-8.

In cases where courts found a lack of due diligence, the dismissals were based on the fact that the names and contact information of the fictitious defendants were contained in standard official documents readily available to the plaintiffs.  See Matynska v. Fried, 175 N.J. 51, 52 (2002) (dismissing the amended complaint because the plaintiff failed to investigate the involvement of a defendant within the statutory period where the name of the previously unknown defendant appeared in the plaintiff's medical record); Johnston v. Muhlenberg Reg'l Med.   Ctr., 326 N.J.   Super.   203,   208   (App.   Div.   1999)   (hospital

15

chart); Cardona, 261 N.J.Super. at 235 (police report).  In Younger v. Kracke, the court found a lack of due diligence based on the plaintiff's failure to make a "simple inquiry" to obtain the police accident report which contained the basic contact information of all the drivers involved in a three-car accident, one of whom was the unknown party listed as a fictitious defendant.  236 N.J. Super. 595, 600-1 (App. Div. 1989).  An Internet search hardly amounts to a routine inquiry of a readily available official document which would have contained the identity of the product's unknown manufacturer and supplier.  In the absence of an accident report containing the identity of the unknown parties, Plaintiff reasonably sought out the most logical source of this critical information: his employer.

Defendant Dow also argues that Plaintiff should have sought the aid of the Chancery Division of the Superior Court of New Jersey and "filed a very simple Order to Show Cause why [Plaintiff's] employer should not be compelled to . . . provide Plaintiff" with information as to the identity of the unknown defendant before the expiration of the statute of limitations.  Def.'s Reply Br. 10-12.  Defendant provides only scant and tangentially-related case law in support of this argument and fails to show that seeking injunctive relief in this fashion is a requirement to the sufficient exercise of due diligence under the Fictitious Defendant Rule.  Furthermore, even if Plaintiff had somehow compelled Mountain Top to provide the identity of the manufacturer, such a course of inquiry would not have revealed Defendant Dow as the unknown defendant.  As noted, on November 13, 2009, before the statute of limitations expired, Mountain Top indeed informed Plaintiff that SetCon was the unknown manufacturer.  Defendant Dow was identified as the unknown manufacturer not by Mountain Top, but rather by SetCon in the beginning stages of discovery after the Complaint was filed.  Therefore, such a route of inquiry via the state

Chancery Court would not have ascertained Dow as the fictitious defendant of the original complaint.

Moreover, a recent Appellate Court decision held that "the question of whether [a] plaintiff had made reasonable efforts . . . should not [be] decided on summary judgment" unless "no 'rational factfinder [could] resolve th[is] alleged disputed issue in' plaintiff's favor." Tonic v. Am. Cas. Co., 413 N.J. Super. 458, 474 (App. Div. 2010) quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). This suggests it is even more inappropriate to dispose of the question of due diligence in a motion to dismiss, where Plaintiff's allegations of due diligence must be taken as true, and Plaintiff's allegations here assert that his counsel made consistent attempts to ascertain Defendant Dow's identity. Accordingly, this Court finds that Plaintiff has sufficiently demonstrated due diligence for the purposes of withstanding a motion to dismiss.

### 3. PREJUDICE

The final question to be decided in determining whether Plaintiff properly amended the complaint pursuant to the Fictitious Defendant Rule involves the issue of whether the amendment has prejudiced Defendant. While the issue of prejudice has been given weight by courts in determining due diligence, it has not been definitively considered to be a requirement. Mears, 300 N.J. Super. at 631; Baker, 2008 WL 4648235, at *3. Assuming for the sake of argument that this Court must engage in a prejudice analysis, any assertion of prejudice here is unfounded. As noted, Plaintiff promptly filed the Amended Complaint (June 25, 2010) within one month of ascertaining the identity of the Defendants (May 27, 2010) and within seven months of the expiration of the statute of limitations (December 1, 2009). See Farrell, 62 N.J. at 113-14, 122 (holding that the plaintiff acted diligently in amending the complaint containing a

fictitious defendant within one month of learning the identity of the unknown defendant). Here, Defendant Dow's ability to defend has not been impaired any more that it would have been had Plaintiff filed the motion to amend the complaint seven months earlier, which would have placed it within the statute of limitations period.

In short, in determining whether to allow the amendment to the complaint beyond the statute of limitations based on the Fictitious Defendant Rule, courts look to whether "[j]ustice impels strongly towards affording the plaintiffs their day in court" considering the "absence of prejudice, reliance or unjustifiable delay." Viviano, 101 N.J. at 549 (citing Fernandi v. Strully, 35 N.J. 434, 451 (1961)). The motion before this Court does not concern the merits of the controversy; rather the interests of justice compel this Court to allow for Plaintiff to amend his Complaint to include a party Plaintiff has alleged to be a tortfeasor, based on his diligent investigation. Plaintiff's motion to amend his initial complaint occurred promptly after the expiration of the statute of limitations and in compliance with the Fictitious Defendant Rule.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendant Dow's motion to dismiss.


/s/ Freda L. Wolfson
United States District Judge


DATED: February 22, 2011